# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **HARRISON LEE RILEY #708544** | **CASE NO. 6:20-CV-1336 SEC P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **DARRYL VANNOY** | **MAGISTRATE JUDGE HANNA** |

### REPORT AND RECOMMENDATION

Pro se petitioner Harrison Lee Riley (Riley), a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus, pursuant to 28 U.S.C. §2254, on October 13, 2020 [rec. doc. 1] and an amended petition, on proper forms, on October 30, 2020 [rec. doc. 5]. Petitioner attacks his 2016 conviction for two counts of first-degree murder and two counts of attempted first degree murder and the sentence imposed by the Twenty Seventh Judicial District Court, St. Landry Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Background*

Riley entered a plea of guilty to two counts of first-degree murder and two counts of attempted first degree murder on February 26, 2016, and was sentenced to a term of two life sentences and two fifty-year sentences. While he represents in his

Petition that he filed a direct appeal of his sentence in the Louisiana Third Circuit Court of Appeal (rec. doc. 5, p. 3), according to the Twenty-Seventh Judicial District Court's denial of his application for post-conviction relief, he did not file a direct appeal (rec. doc. 5-3, p. 36). Accordingly, his conviction became final on March 27, 2016.

On September 2, 2016, Petitioner timely filed an application for post-conviction relief in the trial court. An evidentiary hearing was held on May 10, 2019, and on September 19, 2019, the trial court denied the application. Rec. Doc. 5-3, pp. 34-50. Petitioner sought writs in the Third Circuit on October 23, 2019. Rec. Doc. 5-4, pp. 19-44. On November 12, 2019, the Third Circuit denied Petitioner's application on procedural grounds, finding that it did not comply with La. Code Crim. P. art 912.1 (C); Uniform Rules – Court of Appeal 4-5; and *City of Baton Rouge v. Plain*, 433 So.3d 710 (La.), *cert denied*, 464 U.S. 896, 104 S.Ct. 246 (1983). Finally, Petitioner filed a writ application in the Louisiana Supreme Court on December 9, 2019, which was denied on September 23, 2020 (rec. doc. 5-3, p. 21; *State v. Riley*, 20-0018, 301 So.3d 1179 (La. 9/23/20).

The instant petition was filed on October 13, 2020 [rec. doc. 1] and an amended petition filed on proper forms, was filed on October 30, 2020 [rec. doc. 5], raising a sole claim: his guilty plea was obtained in violation of Petitioner's constitutional right to effective counsel. Rec. Doc. 1.

## Law and Analysis

### A. Failure to Exhaust

Habeas petitioners cannot collaterally attack state court convictions in federal court until all available state court remedies have been exhausted. *Rose v. Lundy*, 455 U.S. 509 (1982); *Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983). This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts the first opportunity to pass upon and correct alleged constitutional violations. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Shute v. Texas,* 117 F.3d 233 (5th Cir. 1997). This jurisprudential mandate has been codified at 28 U.S.C. § 2254(b)(1).[1] Exhaustion entails submitting the factual and legal basis of any claim to the highest available state court for review <u>in a procedurally correct manner</u>. *Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir.1989); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056 (1983) (emphasis supplied).

When a petitioner has raised a claim in a procedural context "in which its merits will not be considered," he has not "fairly presented" the claim to the state

---

[1] § 2254 provides, in pertinent part:
> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court **shall** not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State;

courts and, accordingly, has not satisfied the exhaustion doctrine. See *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989); *Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir.1989).

In this case, the intermediate appellate court never had an opportunity to review petitioner's claim because it was never presented in a procedurally proper manner. Therefore, the merits of petitioner's claim was not properly before the Louisiana Supreme Court. Petitioner's claims therefore remain unexhausted. *See Thomas v. Cain*, 2007 U.S. Dist. LEXIS 75804, (W.D. La. Sept. 7, 2007) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Wilder v. Cockrell*, 274 F.3d 255 (5th Cir. 2001)).

A ruling from this Court at this juncture would preempt the state court from performing its proper function. See *Rose v. Lundy*, 455 U.S. 509, 518 (1982) (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings").

### *B. Technical Exhaustion and Procedural Default*

A petitioner has "technically exhausted" his federal claims if he fails to properly and timely present them to the Louisiana courts and is thereafter time-barred from seeking relief in the Louisiana courts. *Magouirk v. Phillips*, 144 F.3d 348 (5th Cir.1998) *citing Coleman v. Thompson*, 501 U.S. 722 (1986) and *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir.1995). In such a case, however, there is no

4

difference between non-exhaustion and procedural default. *Magouirk*, 144 F.3d at 358. Accordingly, when a petitioner fails to exhaust state court remedies because he has allowed his federal claims to lapse, those claims are "technically" procedurally defaulted. *Id.*

Since Riley failed to properly present his federal habeas claim to the Louisiana Supreme Court, the claim remains unexhausted, and, for purposes of federal habeas corpus review, because petitioner cannot now meet the exhaustion requirement, his claim is "technically" procedurally defaulted. *See Magouirk and Sones supra.*

When state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are normally barred from reviewing those claims. See *Coleman v. Thompson*, 501 U.S. 722 (1991), "[I]f the petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, ... [then] there is a procedural default for purposes of federal habeas...." *Id.* at 735 n. 1.

### C. Traditional Procedural Default

The Third Circuit did not rule on the merits of petitioner's post-conviction claims, because petitioner failed to comply with Louisiana Code Criminal Procedure article 912.1(C), Uniform Rules — Courts of Appeal, Rule 4-5. Accordingly, the habeas claim before this Court is also traditionally procedurally defaulted. This is so

because the last reasoned decision on these claims, that of the Louisiana Third Circuit Court of Appeal, clearly and expressly relied on state procedural rules as the basis for the court's Judgment. *See Sones, infra*.

The "traditional" procedural default doctrine applies to bar federal habeas corpus review when a state court declines to address a prisoner's federal claims because the prisoner failed to follow a state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Federal courts typically refuse to reach the merits of questions of federal law if the state courts have expressly relied on an "adequate and independent" state procedural ground in refusing to review the claim. "An 'adequate' rule is one that state courts strictly or regularly follow, and one that is applied evenhandedly to the vast majority of similar claims." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir.1997), *cert. denied*, 523 U.S. 1125 (1998), *citing Amos v. Scott*, 61 F.3d 333, 339 (5th Cir. 1995). A state procedural rule enjoys a presumption of adequacy when the state court expressly relies on it in deciding not to review a claim for collateral relief. *Id., citing Lott v. Hargett,* 80 F.3d 161, 165 (5th Cir.1996). A procedural rule is "independent" when the last state court rendering a judgment in the case "clearly and expressly" indicates that its judgment rests on the procedural ground. *Amos*, 61 F.3d at 338.

The procedural rules identified in this case satisfy both requirements. Petitioner makes no showing that Louisiana Code of Criminal Procedure article

912.1(C) or Uniform Rules — Courts of Appeal, Rule 4-5 are not evenhandedly applied. Thus, these state court procedural rules are presumed "adequate." Moreover, while most appellate court decisions declining review of writ applications are unpublished, review of published Louisiana jurisprudence establishes that the Louisiana courts of appeal regularly invoke the requirements of Rule 4 and article 912.1 to bar review of non-conforming writ applications. *See Thomas*, *supra*. For this reason, this Court has repeatedly found that Rule 4 of the Uniform Rules of the Courts of Appeal and article 912.1 is "adequate" for purposes of application of the "traditional" procedural default doctrine. *Id*.

Moreover, the rules cited by the Third Circuit are "independent" because the last reasoned judgment on petitioner's claim, that of the Third Circuit Court of Appeals, expressly relied solely on state procedural rules (Rule 4-5, article 912.1(C)) when it declined review of the merits of petitioner's claims. The Louisiana Supreme Court did not specify reasons for its denial of review; it must therefore be presumed that the Supreme Court, like the Third Circuit, did not reach the merits of the claims. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

### i.    *Cause and Prejudice*

A federal habeas petitioner may be excepted from the procedural default rule only if he can show "cause" for his default and "prejudice attributed thereto," or demonstrate that the federal court's failure to review the defaulted claims will result

in a "fundamental miscarriage of justice." *Glover*, 128 F.3d at 902 (citing *Coleman*, 501 U.S. at 731-32).

To establish cause for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The mere fact that petitioner or his counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default. *Id*. at 486.

In this case, petitioner has not offered any cause for the default which would excuse the procedural bar imposed by the Louisiana Supreme Court. The record also does not reflect any action or inaction on the part of the State which prevented him from doing so.

"The failure to show 'cause' is fatal to the invocation of the 'cause' and prejudice' exception, without regard to whether 'prejudice' is shown." *Hogue*, 131 F.3d 466, 497 (5th Cir. 1997) (citing *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982)). Having failed to show an objective cause for his default, the court need not determine whether prejudice existed, and petitioner has not alleged any actual prejudice. *Ratcliff v. Estelle*, 597 F.2d 474 (5th Cir. 1979) (*citing Lumpkin v. Ricketts*, 551 F.2d 680, 681-82 (5th Cir. 1977)).

Petitioner's claim is therefore procedurally barred from review by this federal habeas corpus court. *See Trest v. Whitley*, 94 F.3d 1005, 1008 (5th Cir. 1996)(habeas review precluded when petitioner neglected to allege actual prejudice and cause for failure to comply with state procedural rule concerning time restriction on filing for state post-conviction relief), *vacated on other grounds*, 522 U.S. 87 (1998).

### ii. *Fundamental Miscarriage of Justice*

Petitioner may avoid this procedural bar only if a fundamental miscarriage of justice will occur if the merits of his claims are not reviewed. *Hogue*, 131 F.3d at 497 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). To establish a fundamental miscarriage of justice, petitioner must provide this court with evidence that would support a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986); accord *Murray*, 477 U.S. at 496; *Glover*, 128 F.3d at 902.

To satisfy the factual innocence standard, petitioner must establish a fair probability that, considering all of the evidence now available, the trier of fact would have entertained a reasonable doubt as to the defendant's guilt. *Campos v. Johnson,* 958 F.Supp. 1180, 1195 (W.D. Tex.1997) (footnote omitted); *Nobles*, 127 F.3d at 423 n.33 (actual innocence factor requires a showing by clear and convincing evidence that "but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."). When the petitioner has not

adequately asserted his actual innocence, his procedural default cannot be excused under the "fundamental miscarriage of justice" exception. *Glover*, 128 F.3d at 903.

Petitioner does not present any claim of actual innocence and the record contains nothing to suggest or establish his actual innocence of the underlying conviction. He presents no evidence or argument of the kind of actual innocence that would excuse his procedural default. He, therefore, has failed to overcome the procedural bar to his claims. Accordingly, his federal claim is procedurally barred and should be dismissed with prejudice.

## *Conclusion*

Accordingly,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain

error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE in Chambers on this 17th day of December, 2020.

_____
**Patrick J. Hanna**
**United States Magistrate Judge**